## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IMX, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 03-1067-SLR |
| v. | ) | |
| | ) | |
| LENDINGTREE, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## JOINT PRETRIAL ORDER

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

OF COUNSEL:

John Allcock
M. Elizabeth Day
William G. Goldman
Christine K. Corbett
DLA PIPER RUDNICK GRAY CARY US LLP
2000 University Avenue
East Palo Alto, CA 94303-2248
(650) 833-2000

*Attorneys for Plaintiff*
*IMX, Inc.*

Dated: December 14, 2005

Jack B. Blumenfeld (#1014)
Julia Heaney (#3052)
MORRIS, NICHOLS, ARSHT & TUNNELL
1201 N. Market Street
PO Box 1347
Wilmington, Delaware 19899
(302) 658-9200
jblumenfeld@mnat.com
jheaney@mnat.com

OF COUNSEL:

Holmes J. Hawkins, III
A. Shane Nichols
James Mayberry
KING & SPALDING LLP
191 Peachtree Street
Atlanta, GA 30303
(404) 572-4600

*Attorneys for Defendant,*
*LendingTree, LLC*

On December 19, 2005 at 10:00 a.m., counsel for IMX, Inc. ("IMX") and counsel for

LendingTree, LLC ("LendingTree"), shall attend a pretrial conference before this Court. The

following matters as to the trial scheduled to commence on January 11, 2005, are hereby ordered

by the Court.

## I.   NATURE OF THE ACTION AND PLEADINGS

1.     This action was initiated on November 24, 2003, when IMX filed the Complaint,

charging LendingTree with infringement of United States Patent No. 5,995,947 (the '947 patent).

IMX alleges willful infringement and seeks damages, enhanced damages, pre and post-judgment

interest, attorneys' fees pursuant to 35 U.S.C. § 285, costs and injunctive relief.

2.     On January 26, 2004, LendingTree filed its Answer, Affirmative Defenses and

Counterclaims. In its Answer, LendingTree denied IMX's allegation of infringement, and

asserted various affirmative defenses, including invalidity of the '947 patent, laches and failure

to mark. In its Counterclaim, LendingTree alleged declaratory judgment of invalidity and non-

infringement.

3.     On February 17, 2004, IMX filed its Reply to LendingTree's Counterclaim,

denying LendingTree's allegations.

4.     On or about March 4, 2005, LendingTree filed an Amended Answer and

Counterclaim, asserting a defense and counterclaim of inequitable conduct.

5.     On March 29, 2005, IMX filed its Reply to LendingTree's Amended Answer and

Counterclaim, denying LendingTree's allegations.

6.     Both IMX and LendingTree have demanded a jury trial.

## II.   BASES FOR FEDERAL JURISDICTION

1.     IMX's action for infringement of the '947 patent arises under the Patent Laws of

the United States, Title 35, United States Code. Subject matter jurisdiction over this action is

proper under 28 U.S.C. § 1338(a).

2.      Venue is proper under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

3.      Neither party contests personal jurisdiction or venue.

### III.    STATEMENT OF ADMITTED FACTS

1.      The parties' statement of undisputed facts is attached hereto as Exhibit 1.

### IV.    STATEMENT OF ISSUES OF FACT REMAINING TO BE LITIGATED

1.      IMX's statement of issues of fact that remain to be litigated is attached as Exhibit 2.

2.      LendingTree's statement of issues of act that remain to be litigated is attached as Exhibit 3.

### V.    STATEMENT OF ISSUES OF LAW REMAINING TO BE LITIGATED

1.      IMX's statement of the issues of law that remain to be litigated is attached as Exhibit 4.

2.      LendingTree's statement of issues of law that remain to be litigated is attached as Exhibit 5.

### VI.    EXHIBITS

1.      The parties will offer as exhibits at trial one or more of the exhibits set forth in their respective trial exhibit lists. These lists include the exhibit number to be used at trial and a description sufficient to identify the exhibit to the other party, such as by production number, deposition exhibit number, or otherwise.

2.      IMX's list of exhibits and LendingTree's objections are attached hereto as Exhibit 6.

3.      LendingTree's list of exhibits and IMX's objections thereto are attached hereto as Exhibit 7.

4.      The listing of an exhibit by one party does not constitute a waiver by that party of any objection to that exhibit if it is offered by the other party.

5.      Each party reserves the right to offer an exhibit designated by the other party, even if not introduced by the designating party.

2

6.    Unless good cause is shown, the parties may only introduce documents identified on the parties' trial exhibit lists.

7.    Following the December 19, 2005 Pretrial Conference, the parties will agree on a date and time to exchange complete and legible copies of their documentary exhibits with exhibit labels.

8.    All demonstrative exhibits shall be exchanged no less than forty-eight (48) hours before the use of that demonstrative exhibit at trial. "Demonstrative" exhibits do not include documents listed on the parties' respective trial exhibit lists which have been or will be highlighted or enlarged for use in front of the jury.

9.    Unless agreed to otherwise during trial, each party will provide to the other party a list of exhibits, by exhibit number, that it intends to use on direct examination in court at least forty-eight (48) hours prior to the anticipated use of that exhibit.

10.    Legible photocopies of United States patents and the contents of the Patent and Trademark Office file histories may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies. The dates of filing and issuance and the identity of the inventors of record shall be deemed to be shown on the face of the patent, subject to the right of the party against whom it is offered to adduce evidence to the contrary.

11.    Legible photocopies of printed publications may be offered and received in evidence in lieu of originals thereof, subject to all other objections which might be made to the admissibility of such originals.

### VII.    WITNESSES TO BE CALLED IN PERSON OR BY DEPOSITION

1.    IMX's list of witnesses that it intends to call at trial either live or by deposition is attached hereto as Exhibit 8. IMX's list of deposition designations that it intends to offer at trial (other than in the course of cross-examining an adverse witness), and objections thereto, is attached hereto as Exhibit 9.

2.      LendingTree's list of witnesses that it intends to call at trial either live or by deposition is attached hereto as Exhibit 10. LendingTree's list of deposition designations that it intends to offer at trial (other than in the course of cross-examining an adverse witness), and objections thereto, is attached hereto as Exhibit 11.

3.      No witness called by a party in support of its case-in-chief shall be permitted to testify at trial unless identified in this Order or unless the Court determines that such witnesses should be called.

4.      The parties have agreed to exchange lists of witnesses to be called to testify live on January 9, 2006. Unless agreed to otherwise during trial, each party will provide to the other party a list of witnesses whom it intends to call on direct examination no less than forty-eight (48) hours prior to calling that witness.

### VIII.  STATEMENT OF INTENDED PROOFS

1.      In support of its claims, in addition to the facts not in dispute, IMX expects to offer the proofs set forth in Exhibit 12.

2.      In support of its claims, in addition to the facts not in dispute, LendingTree expects to offer the proofs set forth in Exhibit 13.

### IX.    STATEMENTS CONCERNING AMENDMENTS TO PLEADINGS

IMX and LendingTree each reserve the right to amend its pleadings to conform to the evidence at trial.

### X.     OUTSTANDING MATTERS

A.     Other Matters Under Submission to the Court

1.      The parties have submitted their briefing on claim construction of the '947 patent.

2.      IMX has submitted the following motions for summary judgment:

    a.      IMX's Motion for Summary Judgment on Infringement

    b.      IMX's Cross-Motion for Summary Judgment on Patent Validity

3.      LendingTree has submitted the following motions for summary judgment:

    a.      LendingTree's Motion for Partial Summary Judgment Limiting Damages

4

  b. LendingTree's Motion for Summary Judgment of Non-Infringement

  c. LendingTree's Motion for Summary Judgment of Patent Invalidity

## XI. OTHER MATTERS

**A. Exclusion of Witnesses**

  The parties request that, with the exception of expert witnesses designated by a party under Federal Rule of Civil Procedure 26(a)(2), any person designated on either party's list of trial witnesses be excluded from the Courtroom until that witness has completed all trial testimony or has been removed from all parties' list of trial witnesses. Notwithstanding the foregoing, the parties agree that one client representative may remain present in the Courtroom during testimony. To the extent the client representative will testify in the trial, the client representative may not remain present in the Courtroom until that client representative's testimony is completed.

**B. Exchange of Updated Financial Information**

  The parties have agreed to exchange updated financial information up through and including December 31, 2005, at a mutually agreeable date and time. The parties also reserve the right to exchange updated financial information through the end of the proceedings.

**C. Miscellaneous Matters**

  1. Issues that IMX wishes to raise at the Pretrial Conference are listed in Exhibit 14.

  2. Issues that LendingTree wishes to raise at the Pretrial Conference are listed in Exhibit 15.

## XII. CERTIFICATE OF ATTEMPTED RESOLUTION OF CONTROVERSY

  The parties certify that two way communication has occurred between persons having authority in a good faith effort to explore the resolution of the controversy by settlement.

## XV.   ORDER TO CONTROL COURSE OF ACTION

This Order shall control the subsequent course of the action unless modified by the Court to prevent manifest injustice.

**SO ORDERED.**

Dated: December _____, 2005

_____
United States District Court Judge

**JOINTLY SUBMITTED BY:**

POTTER ANDERSON & CORROON LLP          MORRIS, NICHOLS, ARSHT & TUNNELL

By: */s/ David E. Moore*_____          By: */s/ Julia Heaney*_____
        Richard L. Horwitz (#2246)                    Jack B. Blumenfeld (#1014)
        David E. Moore (#3983)                         Julia Heaney (#3052)
        Hercules Plaza, 6th Floor                        1201 N. Market Street
        1313 N. Market Street                            PO Box 1347
        Wilmington, DE 19801                         Wilmington, Delaware 19899
        (302) 984-6000                                      (302) 658-9200
        rhorwitz@potteranderson.com            jblumenfeld@mnat.com
        dmoore@potteranderson.com            jheaney@mnat.com

*Attorneys for Plaintiff*                            *Attorneys for Defendant,*
*IMX, Inc.*                                                  *LendingTree, LLC*

OF COUNSEL:                                         OF COUNSEL:

John Allcock                                              Holmes J. Hawkins, III
M. Elizabeth Day                                       A. Shane Nichols
William G. Goldman                                  James Mayberry
Christine K. Corbett                                   KING & SPALDING LLP
DLA PIPER RUDNICK GRAY CARY US LLP   191 Peachtree Street
2000 University Avenue                            Atlanta, GA  30303
East Palo Alto, CA 94303-2248                 (404) 572-4600
(650) 833-2000

711357

6