IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IMX, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 03-1067-SLR |
| | ) | |
| LENDINGTREE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 6th day of January, 2006, having considered the issues raised by defendant at the December 19, 2005 pretrial conference;

IT IS ORDERED that plaintiff is precluded from seeking to draw an adverse inference or suggesting any adverse evidentiary presumption with respect to the nature of an opinion of counsel on infringement due to defendant's failure to obtain such an opinion, for the reasons that follow:

1.  At the December 19, 2005 pretrial conference, defendant raised the following matter for consideration by the court: "Whether [plaintiff] may make any arguments or seek to draw inferences relating to the fact that the opinion of counsel obtained by defendant addressed the issue of invalidity of the patent-in-suit, but not the issue of infringement."

2. The holding of the Federal Circuit in <u>Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corporation, et al.</u>, 383 F.3d 1337 (Fed. Cir. 2004) (en banc), provides a clear answer to the question of whether inferences can be drawn as a result of the absence of an opinion from counsel. The Federal Circuit noted, "We now hold that no adverse inference that an opinion of counsel was or would have been unfavorable flows from an alleged infringer's failure to obtain or produce an exculpatory opinion of counsel. Precedent to the contrary is overruled." <u>Knorr-Bremse</u>, 383 F.3d at 1341. Pursuant to this holding, plaintiff may not seek to draw the inference that, since the opinion by counsel obtained by defendant failed to discuss infringement, an opinion by counsel on infringement would have been unfavorable if obtained by defendant.

3. As the court in <u>Knorr-Bremse</u> further explained, "Although there continues to be an affirmative duty of due care to avoid infringement of the known patent rights of others, the failure to obtain an exculpatory opinion of counsel shall no longer provide an adverse inference or evidentiary presumption that such an opinion would have been unfavorable." <u>Id.</u> at 1345 (internal citations omitted). Thus, plaintiff should be precluded from seeking to draw an adverse inference or suggesting any adverse evidentiary presumption as to the nature of an opinion on infringement.

2

4. As for the propriety of an argument relating to the fact that the opinion of counsel obtained by defendant addressed the issue of invalidity but not infringement, such evidence may be considered by the trier of fact when assessing willful infringement. Unchanged by Knorr-Bremse is the standard that a determination of willfulness is made as a result of consideration of the totality of the circumstances. Id. at 1342-43. Several factors may be considered in the totality of the circumstances analysis used to evaluate willfulness, but no factor deserves per se treatment; each factor must be given the weight warranted by its strength in a particular case.[1] Rolls-Royce, Ltd. v. GTE Valeron Corp., 800 F.2d 1101, 1110 (Fed. Cir. 1986); Knorr-Bremse, 383 F.3d at 1347. As a result of the holding in Knorr-Bremse, however, an adjustment is made to the factors used in the evaluation of the totality of the circumstances. Knorr-Bremse, 383 F.3d at 1346 (vacating a judgment of willful infringement and remanding the case, noting that "[b]ecause

---

[1] The Federal Circuit has identified several factors that may be considered in determining whether infringement is willful: (1) whether the infringer deliberately copied the ideas or design of another; (2) whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed; (3) the infringer's behavior as a party to the litigation; (4) the defendant's size and financial condition; (5) closeness of the case; (6) the duration of defendant's misconduct; (7) remedial action taken by defendant; (8) defendant's motivation for harm; and (9) whether defendant attempted to conceal its misconduct. Read Corp. v. Portec, Inc., 970 F.2d 816, 827 (Fed. Cir. 1992).

elimination of the adverse inference as drawn by the district court is a material change in the totality of circumstances, a fresh weighing of the evidence is required to determine whether the defendants committed willful infringement."). In other words, while an evaluation of the factors in the totality of the circumstances must still be conducted to make a determination on the issue of willful infringement, such an evaluation must be made in the absence of the evidentiary contribution or presumptive weight of an adverse inference that any opinion of counsel was or would have been unfavorable. Id. at 1341. The fact that no opinion of counsel on the issue of infringement was acquired by defendant may be considered by the trier of fact in its willful infringement analysis, but no inference may be drawn to suggest that such an opinion, had it been acquired, would have been unfavorable to defendant.

                                        _/s/ Sue F. Robinson_
                                        United States District Judge