IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IMX, INC., | ) |
|       Plaintiff, | ) ) ) |
| v. | ) Civ. No. 03-1067-SLR |
| LENDINGTREE, LLC, | ) ) ) |
|       Defendant. | ) |

Richard L. Horwitz, Esquire, and David E. Moore, Esquire, of Potter Anderson & Corroon LLP, Wilmington, Delaware. Counsel for Plaintiff. Of Counsel: John Allcock, Esquire, M. Elizabeth Day, Esquire, William G. Goldman, Esquire, and Christine K. Corbett, Esquire, of DLA Piper Rudnick Gray Cary US LLP, East Palo Alto, California.

Jack B. Blumenfeld, Esquire, and Julia Heaney, Esquire, of Morris, Nichols, Arsht & Tunnell, Wilmington, Delaware. Counsel for Defendant. Of Counsel: Holmes J. Hawkins, Esquire, A. Shane Nichols, Esquire, and James J. Mayberry, Esquire, of King & Spalding, Atlanta, Georgia.

**MEMORANDUM OPINION**

Dated: January 10, 2006
Wilmington, Delaware

ROBINSON, Chief Judge

## I. INTRODUCTION

On December 14, 2005, this court issued a memorandum order granting defendant's motion for partial summary judgment limiting damages pursuant to 35 U.S.C. § 287(a). (D.I. 225) This court issued a memorandum opinion and order on December 16, 2005 which denied defendant's motion for summary judgment of patent invalidity of the '947 patent. (D.I. 226)

Currently before the court are defendant's motion for reconsideration of the court's ruling precluding it from asserting that the '699 patent is prior art (D.I. 233); defendant's request for clarification of footnote 6 of the court's December 16, 2005 memorandum opinion (D.I. 233); and plaintiff's motion for reconsideration of the Order granting defendant's motion for partial summary judgment limiting damages pursuant to 35 U.S.C. § 287 (D.I. 229). A pretrial conference was held on December 16, 2005, where several issues relevant to these motions and request were discussed.

## II. STANDARD OF REVIEW

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Accordingly, a court may alter or amend its judgment if the movant demonstrates at least one of the following: (1) a change in the controlling

law; (2) availability of new evidence not available when the decision issued; or (3) a need to correct a clear error of law or fact or to prevent manifest injustice. See id.

## III. DISCUSSION

### A. The '699 Patent as Prior Art

Since defendant's motion for reconsideration alleges neither a change in controlling law nor the availability of new evidence, the court will treat that motion as premised upon the need to correct an alleged error or prevent some claimed injustice. In suggesting the improperness of this court's ruling which precludes defendant from asserting that the '699 patent is prior art, defendant asserts that the court concluded that "'no evidence [was] offered' on 'early conception or reduction to practice for a number of claim elements.'" (D.I. 233 at 3) This assertion by defendant is inconsistent with the reasoning applied in the court's ruling.[1] To restate the reasoning of the court,

---

[1] In its ruling, the court explained,

> IMX offers evidence that two of the three inventors of the '947 testified under oath that the invention which is the subject of the '947 patent was conceived no later than July 15, 1995 and reduced to practice in November 1995. This unrefuted testimonial evidence, for which IMX offers documentary corroboration, suggests that the priority date of the '947 patent for purposes of § 102(e) is July 15, 1995. While LendingTree contends that this evidence "does not show early conception or reduction to practice for a number of claim elements," no evidence is offered on this point. Thus, the court finds that the '699

2

which may have been misunderstood due to its repeated use of the word "evidence", the relevant language follows with appropriate clarification: "While LendingTree contends that [the] evidence [offered by IMX] "does not show early conception or reduction to practice for a number of claim elements," no [contrary] evidence is offered [by LendingTree] on this point." As a result, the evidence offered by IMX is sufficient to establish the July 15, 1995 invention date as the priority date, as stated in the court's December 16, 2005 memorandum opinion.

Contrary to the argument of defendant in its motion, plaintiff has met its burden in offering evidence to show that the subject matter of the '947 patent was invented before the date of the '699 patent, such that the '699 patent may not be considered prior art. Based on the evidence offered by the parties, defendant has not shown that the '699 patent is a valid prior art reference and, therefore, defendant shall not be permitted to rely on the '699 patent as prior art for purposes of anticipation and obviousness. Defendant has neither referenced a clear error of law or fact nor suggested the presence of manifest injustice. As a result, defendant's motion for reconsideration

---

> reference is not a valid prior art reference and LendingTree shall be precluded from asserting that the '699 patent is prior art for purposes of anticipation and obviousness.

(D.I. 226 at 26) (citations omitted)

3

of the court's ruling precluding it from asserting that the '699 patent is prior art shall be denied.

### B. Limitation of Damages Pursuant to 35 U.S.C. § 287

In its motion for reconsideration, plaintiff alleges that the court's December 14, 2005 memorandum opinion is "premised on clear factual errors and does not address key factual evidence". (D.I. 230 at 2) Plaintiff contends that these errors, if not corrected, would result in manifest injustice in denying plaintiff an opportunity to collect more than three years of alleged pre-litigation damages. (Id.)

Two arguments are offered by plaintiff in its motion for reconsideration. Plaintiff first contends that the court failed to analyze evidence which establishes a clear nexus between plaintiff's marking and its patented product. Secondly, plaintiff suggests that the evidence on which the court relied cannot support the granting of summary judgment since that evidence is susceptible to several plausible interpretations.

Plaintiff alleges that the analysis in the court's order addresses only two web pages, the IMX "Corporate Home" page (http://corp.imx.com/corporate_home.asp) and the IMX "Product Information" page (http://corp.imx.com/corp/product_info.asp). (D.I. 230 at 2-4) Plaintiff contends that the court failed to address two other relevant web pages, the "IMX® Patents" page (http://corp.imx.com/corp/about_us/patents.asp) and the "Patent

Press Release" page (http://corp.imx.com/corp/newsroom/press/00_01_25.asp), such that the court has not considered the entire factual record and thereby impermissibly granted defendant's motion to limit damages. (D.I. 230 at 3-8) Contrary to this assertion, the "IMX® Patents" page and the "Patent Press Release" page were both referenced and discussed in the court's analysis. (D.I. 225 at 5, 10 (referencing the text of these pages and the presence of website access to the '947 patent)) In addition, the description of the patented technology quoted by the court - "unique loan information and real-time trading system" - appears only on the "IMX® Patents" and "Patent Press Release" pages; no such description is included in the "Corporate Home" and "Product Information" pages. Thus, it is apparent that the court has considered all of these pages as evidence in its analysis of the marking requirement.

Plaintiff's second argument alleges that the court committed error in its order by premising its conclusion on the incorrect notion that the phrase "IMX Exchange", as used on several pages of the IMX website, refers to the corporate entity rather than the patented system. (D.I. 230 at 8-10) As the court concluded in its order, on the two web pages where IMX patents are mentioned, "IMX Exchange" refers to the corporate entity, not the patented system. (D.I. 225 at 10) Despite plaintiff's

5

assertions to the contrary, there is no other tenable interpretation of "IMX Exchange" as used on those pages. See, e.g., the "IMX® Patents" page ("**IMX Exchange** was awarded a patent in late 1999 for **our** unique loan information and real-time trading system"); the "Patent Press Release" page ("**IMX® Exchange**, the **leader** in e-commerce for the wholesale mortgage industry . . . announced it has been issued patent 5,995,947 by the United States Patent and Trademark Office"; "'Receiving this patent is another milestone for **IMX Exchange**,' said Richard Wilkes, **President and CEO of IMX Exchange**."). The evidence, when viewed in a light most favorable to plaintiff, does not provide a clear nexus between the '947 patent and the patented product. As a result, plaintiff has failed to give the public adequate notice that its "IMX Exchange" system is protected by the '947 patent.

Plaintiff has not shown the presence of either clear factual errors by the court or a failure of the court to consider key factual evidence. Consequently, plaintiff has failed to substantiate any danger of manifest injustice which would compel the court to amend its original ruling on defendant's motion limiting damages. Plaintiff's motion for reconsideration shall be denied.

### C. Footnote 6 of the Court's December 16, 2005 Memorandum Opinion

Defendant requests clarification of the statement that

6

"anticipation by a **single** prior art reference cannot be met by Mr. Redstone's testimony if corroborated by **additional** evidence." (D.I. 226 at 19 n.6)

The Federal Circuit has held that a claim is anticipated only if each and every element as set forth in the claim is found, either expressly or inherently described, in a single prior art reference. See Verdegaal Bros., Inc. v. Union Oil Co., 814 F.2d 628, 631 (Fed. Cir. 1987). In other words, if more than one reference is needed to establish invalidity, then anticipation under § 102 cannot be found. Continental Can Co. v. Monsanto Co., 948 F.2d 1264, 1267 (Fed. Cir. 1991).

Despite the requirement of anticipation by a single prior art reference, the use of extrinsic evidence in proving anticipation may be suitable in certain circumstances. Extrinsic evidence may be appropriate "to explain the disclosure of a reference." Scripps Clinic & Research Found., 927 F.2d 1565, 1576 (Fed. Cir. 1991). Extrinsic evidence is of "limited scope and probative value" since "anticipation requires that all aspects of the claimed invention were already described in a single reference." Id. Thus, extrinsic evidence may not be used to "prove facts beyond those disclosed in the reference in order to meet the claim limitations. The role of extrinsic evidence is to educate the decision-maker to what the reference meant to persons of ordinary skill in the field of the invention, not to

7

fill gaps in the reference." Id.

In the statement at issue, the court was attempting to ferret out the scope of defendant's motion for summary judgment; i.e., was defendant using Mr. Redstone's testimony to further corroborate the anticipatory use of MARS (which the court held was appropriate), or was defendant trying to establish Mr. Redstone's description of his invention as a separate piece of anticipatory prior art. The court is still unsure of defendant's strategy. Assuming for purposes of the instant proceeding, however, that defendant was attempting to demonstrate the latter point, while extrinsic evidence may be used to corroborate the testimony of an inventor, defendant never disclosed by clear and convincing evidence how Mr. Redstone's testimony specifically disclosed each and every limitation at issue, and how that testimony was specifically corroborated by the extrinsic evidence identified in the record. Therefore, footnote 6 is clarified to the extent that defendant failed to meet its burden of establishing that Mr. Redstone's testimony is anticipatory prior art through the use of corroborating evidence.

## IV. CONCLUSION

For the reasons stated, defendant's motion for reconsideration of the court's ruling precluding it from asserting that the '699 patent is prior art is denied and plaintiff's motion for reconsideration of the order granting

8

defendant's motion for partial summary judgment limiting damages is denied. An order consistent with this memorandum opinion shall issue.