IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IMX, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 03-1067-SLR |
| | ) |
| LENDINGTREE, LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 25th day of April, 2007, having reviewed plaintiff's motion for reconsideration and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 295) is granted in part and denied in part, for the reasons that follow:

1. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe ex-rel. Lou-Ann, Inc. v. Quinteros, 176 F. 3d 669, 677 (3d Cir. 1999). Therefore, a court may exercise its discretion to alter or amend its judgment if the movant demonstrates one of the following: (1) a change in the controlling law; (2) a need to correct a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when judgment was granted. See id.

2. Plaintiff argues that its motion for reconsideration is justified under the above standard because defendant "has recently identified new evidence - its alleged

workaround and the 'months of design work and pilot testing' that preceded it - that was not previously made available to IMX." (D.I. 296 at 2-3) Plaintiff also identifies a series of district court opinions from other districts where permanent injunctions were issued prior to a conclusion of the appeal process. (Id. at 6) Finally, plaintiff requests an opportunity to pursue discovery and attaches to its motion some exhibits which purport to demonstrate that defendant has experienced a "significant revenue growth that will continue unabated" absent the imposition of an injunction. Plaintiff argues in this regard "that it has already become nearly impossible for [it] to compete or otherwise continue its present business practices as a result of [defendant's] ongoing, infringing conduct." (Id. at 4)

3. I find the above arguments less than persuasive and, therefore, I decline as a matter of discretion to grant plaintiff's request for the imposition of a permanent injunction at this juncture. In the first instance, it is nonsensical for plaintiff to use, as its justification for filing a motion for reconsideration, defendant's representation of a workaround, and then argue (with no supporting evidence of record) that it cannot compete with and, therefore, is suffering irreparable harm because of defendant's "ongoing, infringing conduct." Either defendant is no longer infringing, in which case the imposition of a permanent injunction is not necessary, or defendant has not changed its conduct, in which case there is nothing new of record that justifies this motion for reconsideration.

4. With respect to the cited cases from other jurisdictions, for the most part, the facts of these cases are distinguishable from those at bar.

   a. For instance, none of the cases apparently involves a situation in

2

which the judge has determined that the question of infringement was a close one, as I have here. (D.I. 291 at 40)

       b. Some of the courts cite as their paramount consideration the fact that the parties were direct competitors in a developing market with a small customer base. See, e.g., Tivo Inc. v. Echostar Communications Corp., 446 F. Supp. 2d 664 (E.D. Tex. 2006); Transocean Offshore Deepwater Drilling, Inc. v. Global Santafe Corp., 2006 WL 3813778 (S.D. Tex. Dec. 27, 2006). Plaintiff has presented no specific evidence relating to the health or character of the relevant market, but certainly the record supports a description of the customer base as significant.

       c. Several of the courts cite as support for their decision to impose an injunction the fact that a defendant's cessation of the infringing conduct will not drive a defendant out of business or otherwise work any specific hardship. See e.g. Wald v. Mudhopper Oilfield Services, Inc., 2006 WL 2128851 (W.D. Okla. July 27, 2006); Black & Decker Inc. v. Robert Bosch Tool Corp., 2006 WL 3446144 (N.D. Ill. Nov. 29, 2006). Given plaintiff's argument that the LendingTree Exchange is responsible for the capture of market share and increased revenues, and without any specific evidence relating to this issue, it is not clear to me whether the cessation of the infringing conduct (assuming it is on-going) would result in significant hardships to defendant or the public.

       d. Finally, there are cases in which the courts cite to specific evidence presented by plaintiff relating to such factors as plaintiff's loss of market share, impact on customer relations, etc. See e.g. Rosco v. Mirror Lite Co., 2006 WL 2844400 (E.D.N.Y. Sept. 29, 2006). Although plaintiff has presented argument relating to these factors, plaintiff has not submitted any evidence within its own control concerning its

financial situation; instead, it has belatedly requested discovery from defendant. In my estimation, plaintiff has provided too little information to justify the relief requested.

5. I agree with plaintiff, however, that the damages award should take into consideration defendant's admission that it continued the conduct examined during trial until September 14, 2006. Therefore, **on or before May 14, 2007**, defendant shall produce an accounting of the number of qualification forms it has transmitted between November 20, 2005 and September 14, 2006. The judgment entered in this case shall be amended accordingly to award damages commensurate with the amended record of defendant's infringing activities.

United States District Judge